**Federal Defenders**
OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124 Fax: (914) 948-5109

David E. Patton
*Executive Director
and Attorney-in-Chief*

**MEMO ENDORSED**

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

May 3, 2022

The Honorable Kenneth K. Karas
District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    United States v. Patrick Gorychka
             21-cr-528 (KMK)

Dear Honorable Karas:

    I am writing on behalf of Patrick Gorychka to ask that Your Honor please allow Mr. Gorychka to plead guilty remotely via video or teleconference pursuant to the CARES Act. Mr. Gorychka is currently on bond residing in Wisconsin. While Mr. Gorychka is healthy, his father suffers from stage four lung cancer and is receiving chemotherapy and radiation. Mr. Gorychka lives with his father and is his father's primary caregiver. Mr. Gorychka takes care of his father and takes him to medical appointments. Because of his father's condition and treatment, Mr. Gorychka's father is especially susceptible to death or serious complications from COVID-19.[1] As such, a remote plea would be beneficial because it would eliminate the risk that Mr. Gorychka, by travelling to New York, would come into contact with the virus and possibly infect his infirm father.

    Pursuant to the CARES Act, for felony cases "the district judge in a particular case [can] find[] for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interest of justice, [and] the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconference is not readily available." Coronavirus Aid, Relief, and Economic Security Act, 116 P.L. 136, 134 Stat 281 (enacted Mar. 27, 2020) at § 15002(b)(2)(A). Here, a remote plea is appropriate because an in-person proceeding would create undue health risks for Mr. Gorychka's father. Further,

---

[1] According to the CDC, individuals with cancer and who receive treatment for cancer are more likely to have serious complications form COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, Updated April 29, 2022. Available online at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last assessed on May 2, 2022).

delaying Mr. Gorychka's ability to enter a plea would prejudice him because it is fair that the government would want him to enter a plea of guilty sooner rather than later. Mr. Gorychka does not want to risk losing the benefit of a plea bargain and allowing him to enter a plea remotely alleviates the need to set trial dates or a motion schedule. For all of these reasons, a remote plea is appropriate and authorized under the CARES Act.

I have spoken to Mr. Gorychka about his right to plead guilty in person. Mr. Gorychka informed me that, due to concerns regarding his father's health, he would prefer a remote plea.

I have spoken to AUSA Marcia Cohen and she does not object to this request.

Thank you for your consideration.

Granted. Given Mr. Gorychka's father's illness, which places him at a high risk should he contract Covid, and given the desire to resolve this case by way of a guilty plea, the Court finds that a remote plea proceeding is necessary to avoid serious harm to the interests of justice.

So Ordered.
5/3/22

Sincerely,

//s

Benjamin Gold
Assistant Federal Defender

AUSA Marcia Cohen